IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COREY GLENN FULLMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:08CV774 |
| ) | |
| COUNTRYWIDE HOME LOANS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion for summary judgment (Docket No. 7) filed by Defendant Countrywide Home Loans, Inc. *Pro se* Plaintiff Corey Glenn Fullmore has not responded to the motion, and the time for response has run.[1] Accordingly, the summary judgment motion will be treated as unopposed pursuant to the local rules. *See* LR7.3k.

Plaintiff's complaint in this action is styled "Common Law Complaint, Petition of Protest." (Docket No. 2.) In the complaint, Plaintiff Fullmore alleges in Count I ("Money Lent") that this is an action for damages exceeding $143,630. He states that on

---

[1] The record shows that Defendant directed service of process of the motion for summary judgment to the address Plaintiff identified in his complaint. Plaintiff has given no notice of a change of address. Defendant has also directed service to a second address, as well. *See* Docket No. 10.

September 22, 2006, Plaintiff deposited $143,630 with Defendant Countrywide. He states that he has made "final demand" but there has been a refusal to pay, and Defendant therefore owes $143,630 to Plaintiff. In Count II ("Breach of Contract"), Plaintiff alleges that on September 22, 2006, the parties entered into a contract in which Plaintiff sold "Accuser" a Note on deposit in the amount of $143,600." *Id.* He states that Defendant has failed to return the deposit and therefore owes to Plaintiff the value of the deposit. In Count III ("Violations of Truth in Lending Law"), Plaintiff alleges that on September 22, 2006, he sold the Defendant a promissory note in the amount of $143,600. He states that he was the "depositor" in this transaction. He alleges that Defendant prepared the note and mortgage agreements in writing, but failed to disclose that Plaintiff "was the depositor and that the Accuser risked none of its assets in the exchange . . . ." *Id.* Plaintiff alleges that Defendant Countrywide violated 12 C.F.R. § 226.17(c)(1) of the Truth in Lending Law by failing to disclose this material fact. Plaintiff contends that the note and mortgage are null and void and Defendant owes to Plaintiff the amount of the note. The complaint is signed by Corey Glenn Fullmore.

Defendant Countrywide, through counsel, moves for summary judgment on the Complaint. For reasons set forth below, the Court concludes that Defendant's motion should be granted.

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The material facts are those

identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party.

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), *cert. denied,* 481 U.S. 1029 (1987). A mere existence of a scintilla of evidence is insufficient to circumvent summary judgment. *Anderson*, 477 U.S. at 252. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the nonmoving party. *Id*. at 248-49. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

Defendant has presented the note and mortgage between the parties dated September 22, 2006. The Note and Deed of Trust establish that Plaintiff borrowed the sum

or $143,630 from Countrywide. Plaintiff's claim for "money lent" therefore has no factual predicate. Plaintiff has not responded to the summary judgment motion and has presented no evidence that he lent money to Countrywide. Plaintiff's claim for "breach of contract" fails for the same reason. Plaintiff's claim for "Violations of the Truth in Lending Law" is also frivolous. Plaintiff alleges that Countrywide violated federal law by failing to disclose a material fact – allegedly that Plaintiff was "the depositor" in the Note and Deed of Trust, and Countrywide "risked none of its assets." However, the documents themselves give absolutely no support to Plaintiff's allegation and, in fact, conclusively demonstrate that Plaintiff was a borrower, not a depositor, under the agreements. Plaintiff has presented no evidence to support his claim in Count III.

This Court has, on repeated occasions, rejected complaints similar to that of *pro se* Plaintiff Fullmore (i.e., "debt elimination schemes") on grounds of frivolity or failure to state a legal claim. *See Adams v. Bank of America, N.A.*, No. 1:06CV00228, 2007 WL 2746871 (M.D.N.C. Sept. 19, 2007); *Adams v. GE Money Bank*, No. 1:06CV00227, 2007 WL 1847283 (M.D.N.C. June 25, 2007); *Pierce v. Ocwen Loan Servicing*, No. 1:06CV630, 2007 WL 1672776 (M.D.N.C. June 8, 2007); *see also Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *4 (S.D. Ohio, Mar. 9, 2006)(collecting cases). action should be dismissed with prejudice on Defendant's motion for summary judgment.

Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's Rule 56 motion (Docket No. 7) be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: August 7, 2009